**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-2124

GUALBERTO ZURIEL CRUZ-MACHORRO,

              Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 2, 2012          Decided:  October 18, 2012

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Christopher T. Handman, Adam N. Bitter, A. Elizabeth King, HOGAN LOVELLS US LLP, Washington, D.C., for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gualberto Zuriel Cruz-Machorro, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") granting in part his motion to reconsider and amending its decision of August 19, 2010, which affirmed the immigration judge's denial of Cruz-Machorro's requests for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore,

2

"[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Cruz-Machorro failed to establish that his membership in a particular social group was at least one central reason for any persecution he suffered in Guatemala. See 8 U.S.C. § 1158(b)(1)(B)(i) (2006) (providing that an asylum applicant must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant"); Quinteros-Mendoza v. Holder, 556 F.3d 159, 164-65 (4th Cir. 2009) (finding that money and personal animosity, not religion or political opinion, motivated initial assaults on alien and concluding that alien "provided no evidence that his religious or political beliefs were more than incidental or tangential to any part of the persecution he suffered"). We therefore uphold the denial of Cruz-Machorro's requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is

3

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Additionally, Cruz-Machorro challenges the denial of his request for protection under the Convention Against Torture. To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). Based on our review of the record, we conclude that substantial evidence supports the denial of his request for relief. See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4